UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
                                                           :
ANTONIO PABON,                                             :   **MEMORANDUM**
                                                           :   **DECISION AND ORDER**
                        Petitioner,                        :
                                                           :   12-CV-0870 (BMC)
          - against -                                      :
                                                           :   FILED
UNITED STATES OF AMERICA,                                  :   IN CLERK'S OFFICE
                                                           :   US DISTRICT COURT E.D.N.Y.
                        Respondent.                        :
                                                           :   ★ MAR 08 2012 ★
                                                           :
---------------------------------------------------------- X   BROOKLYN OFFICE

**COGAN**, District Judge.

Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2255, challenging his sentence after conviction for robbery in violation of 18 U.S.C. § 1951(a). See United States v. Pabon, No. 08-CR-743 (E.D.N.Y.), appeal dismissed, No. 11-1253 (2d Cir. Jan. 19, 2012). He pled guilty pursuant to a plea agreement. The plea agreement contained an estimated guideline range of 151 to 188 months, and petitioner agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 210 months or below." When I accepted his guilty plea (along with his co-defendant's), petitioner and I had the following exchange:

> **THE COURT:** By pleading guilty and entering into these plea agreements, you're waiving, you're giving up, your right to appeal or to collaterally attack whatever sentence I impose, as long as I sentence you to 200 [sic][1] months or less. So, if I sentence you to 210 months or less, you're not going to be able to appeal that sentence. If I sentence you to more than 210 months, you are going to be able to appeal that sentence. Do you understand that?
>
> **DEFENDANT RIGGINS:** Yes, sir.
>
> **DEFENDANT PABON:** Yes, sir.

---

[1] I am sure I said "210," as is evident from the context, and the "200" is a typographical error.

One issue as to petitioner's guideline calculation was whether two prior state court convictions should be "counted" as one under the sentencing guidelines. If the convictions were counted separately, petitioner qualified as a career offender under the guidelines and his recommended sentencing range was 151-188 months. On the other hand, if the convictions counted as only one conviction, he would not have qualified as a career offender. The ambiguity arose because there was an intervening arrest between the first and second crimes, but the record showed that the case from the first arrest had been dismissed, and only reinstated after the intervening arrest. Since petitioner was sentenced for both crimes at the same time, with the sentences to run concurrently, he characterized that first arrest as not relevant in determining whether there was an intervening arrest between his two crimes. See U.S.S.G. §4A1.2(a)(2). This issue was alluded to during petitioner's guilty plea, in which his counsel stated that based on his estimate, and contrary to that of the Government, petitioner was facing a guideline range of either 63-78 months or perhaps even 51-63 months. After both sides' calculations were placed on the record, I had the following exchange with petitioner and his co-defendant:

> **THE COURT**: Do you also understand if the estimates are wrong, or if your lawyers lose the argument, what they said they are going to make to get you the lower Guideline range and you wind up being sentenced to more time than either the government's estimates or the estimates that your lawyers have, you're not going to be permitted to withdraw your guilty plea. Do you understand that?
> **DEFENDANT RIGGINS**: Yes.
> **DEFENDANT PABON**: Yes.

The issue was argued at length, and very effectively by both sides, at petitioner's sentencing. I ultimately concluded that the literal application of the guidelines required counting the convictions separately – that is, that the second arrest was "intervening" for guidelines' purposes, and that the calculation therefore required the career offender range of 151-188

2

months. However, I noted that because the question was close, and because petitioner's criminal history did not fit the usual profile of a career offender, I was going to give the guidelines very little weight in balancing the various sentencing factors under 18 U.S.C. § 3553(a). After balancing those factors, I sentenced petitioner to a below-guidelines' sentence of 96 months' custody and three years' supervised release.

Petitioner appealed his sentence. The Government moved to dismiss the appeal based on the waiver in the plea agreement; petitioner's appellate counsel moved to withdraw based upon an Anders brief; and the Second Circuit granted both motions. United States v. Pabon, No. 11-1253 (2d Cir. Jan. 19, 2012).

Petitioner now brings this §2255 petition raising the same issue that he attempted to raise on appeal, namely, that I miscalculated the guidelines by counting those two prior state court convictions separately. However, his petition fails for the same reason that his appeal failed. It is well settled that a properly worded plea agreement waiver is just as effective in precluding habeas corpus relief as it is in precluding direct appeal. See, e.g., Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001) (per curiam); Rosa v. United States, 170 F. Supp. 2d 388, 397 (S.D.N.Y. 2001).

Petitioner has offered no reason why his waiver should not be enforced, nor could there be any.[2] His exposure to career offender status under the guidelines was fully set forth in his plea agreement; his attorney's contrary view was identified during his guilty plea proceedings;

---

[2] Petitioner asserts that he has "newly discovered evidence" establishing that the charges from his first arrest were in fact dismissed before being later reinstated. However, although the proof on that issue at sentencing was thin, the Court assumed that to be the case for purposes of sentencing. Thus, petitioner's "newly discovered evidence" is immaterial.

3

he was advised during his guilty plea proceedings that he was waiving his right to appeal; his plea agreement expressly waived the ability to seek §2255 relief; and the issue of his guideline calculation was thoroughly discussed and resolved against him at sentencing. Petitioner clearly understood that in exchange for the plea agreement, he would receive one opportunity and one opportunity only to convince a court of his argument.

The petition is therefore denied and the case is dismissed. A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
March 6, 2012